Olive J. GORDON, Plaintiff–Appellant,

v.

HEALTH & HOSPITALS CORPORATION and Kings County Hospital, Defendants–Appellees,

American Federation State County Municipal, Defendant.

No. 08–1660–cv.

United States Court of Appeals, Second Circuit.

Oct. 28, 2009.

Olive J. Gordon, Brooklyn, NY, pro se.

Cheryl Payer, Stephen J. McGrath, of counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellees.

PRESENT: AMALYA L. KEARSE, DEBRA ANN LIVINGSTON, Circuit Judges, and ROSLYNN R. MAUSKOPF,* District Judge.

### SUMMARY ORDER

Appellant Olive J. Gordon appeals from the judgment of the district court granting summary judgment to Health & Hospitals Corporation and Kings County Hospital Center in Appellant's action for age discrimination and retaliation. Defendants argue that the district court correctly granted their motion for summary judgment. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

When a district court grants summary judgment, we review the decision de novo. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, a court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omit-

ted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." Davis v. State of New York, 316 F.3d 93, 100 (2d Cir.2002).

Having conducted an independent and de novo review, we affirm for substantially the reasons stated by the district court in its thorough and well-reasoned opinion. We have considered all of Appellant's arguments on appeal and find them to be without merit.